# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| NANTWI BUCKMIRE, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-09-2961 |
| § | |
| MEMORIAL HERMANN § | |
| HEALTHCARE SYSTEM, § | |
|     Defendant. § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 18] filed by Defendant Memorial Hermann Healthcare System ("Memorial Hermann"). Plaintiff Nantwi Buckmire neither filed a response in opposition to the Motion nor requested additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. However, when a plaintiff fails to respond to a defendant's Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** Defendant's Motion.

## I. FACTUAL BACKGROUND

Buckmire, an African-American male, was hired by Memorial Hermann in 2006 as a Materials Management Team Leader. Mike Young, the Materials Management Director, was Buckmire's supervisor. Throughout his employment, Buckmire was counseled and reprimanded regarding his interactions with subordinates. In his July 2006-June 2007 performance evaluation, Young instructed Buckmire to improve his communication skills with subordinates, to improve his composure when dealing with subordinates, and to avoid allowing conversations with subordinates to escalate. In his July 2007-June 2008 performance evaluation, Young again instructed Buckmire to improve his interactions with subordinates.

In December 2008, several employees complained to Young that Buckmire had not shown up for work while Young was on vacation. When Young attempted to discuss the issue, Buckmire became very agitated and defensive. He refused to sit down and, instead, burst out of Young's office yelling in the hallway in front of other employees. Buckmire said that he had tape recorded his meeting with Young, which Buckmire admits is a violation of company policy. As a result of this conduct, Young issued a written warning to Buckmire.[1] In the written warning, Buckmire was

---

[1] The warning was originally issued as a Final Written Warning but was later reduced to a Written Warning.

informed that he must display appropriate behavior and must not tape record meetings in violation of company policy. Buckmire admits that he continued to tape record conversations with employees. Additionally, Buckmire continued to display inappropriate behavior toward Young and other Memorial Hermann employees. On January 6, 2009, Buckmire sent an email to Young repeatedly blaming others for all the problems in the department. In February 2009, Buckmire told a fellow manager to "f*** off." On March 3, 2009, Buckmire sent another inappropriate email to Young saying "you are not perfect, so please stop acting like you are." Based on these and other instances of inappropriate conduct, Young issued a Final Written Warning to Buckmire on March 4, 2009.

Buckmire's conduct did not improve. He continued to be intimidating, threatening, and abusive. On March 18, 2009, Young attempted to discuss with Buckmire the deadline for removing certain shredding containers, but Buckmire ignored Young and walked away. Buckmire continued to come to Young's office, where he would use profane and other inappropriate language, and would display threatening behavior.

After discussing the problem with Rosalind Rose (Human Resources Consultant) and Lisa Kendler (Chief Financial Officer), it was decided that

Buckmire's employment should be terminated. The discharge was effective March 31, 2009.

Buckmire filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 12, 2009, and supplemented the charge on May 19, 2009. Buckmire received a Notice of Right to Sue from the EEOC and filed this lawsuit within ninety (90) days thereafter. In the Original Petition, Buckmire alleges that he was discriminated against on the basis of his race and that he was retaliated against by Memorial Hermann.[2]

After an adequate time to complete discovery, Memorial Hermann moved for summary judgment. The Motion is ripe for decision.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp.*

---

[2] In an abundance of caution and based on comments during Buckmire's deposition mentioning incidents that he considered harassing, Memorial Hermann moved for summary judgment on any harassment-based claim. Buckmire did not assert a hostile work environment claim in the Original Petition. In the Joint Discovery/Case Management Plan [Doc. # 6], Buckmire identified his claims as "race discrimination and retaliation." It is clear from the record that Buckmire has not asserted a claim for a racially hostile work environment.

*v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). In deciding whether a genuine and material fact issue has

been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III.   ANALYSIS

#### A.   Race Discrimination Claim

Buckmire alleges that he was discriminated against on the basis of his race. To establish a *prima facie* case of race-based discrimination, a plaintiff must prove that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subjected to an adverse employment action; and (4) he was replaced by someone outside the protected class, other similarly-situated employees were treated more

favorably, or he was otherwise discharged because of his race. *See Bryan v. McKinsey & Co., Inc.,* 375 F.3d 358, 360 (5th Cir. 2004).

In this case, Buckmire has not presented evidence to establish the fourth element. Buckmire was not replaced by a person outside his protected class. Indeed, the uncontroverted evidence shows that Buckmire's position was eliminated. The current team leaders, an African-American and a Hispanic, now report directly to Young. Buckmire has not identified a similarly-situated employee outside his protected class who was treated less favorably, and Buckmire has not presented evidence that his race played any part in the decision to terminate his employment.

Buckmire has not presented evidence to raise a genuine issue of material fact in support of a *prima facie* case of race discrimination. As a result, Memorial Hermann is entitled to summary judgment on the discrimination claim.

### B. Retaliation Claim

Buckmire alleges that he was retaliated for having engaged in conduct protected by Title VII. To establish a *prima facie* claim of retaliation, a plaintiff must show that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there exists a causal link between the protected activity and the adverse employment action. *See Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005).

In this case, Buckmire has not presented evidence that he engaged in protected activity, but Memorial Hermann concedes that Buckmire filed a charge with the EEOC in January 2009. The only adverse employment action of which there is evidence is the termination of Buckmire's employment in March 2009. Buckmire has not presented any evidence to raise a genuine issue of material fact in support of the "causal link" element of his *prima facie* case. More than three months passed between the January 12, 2009, EEOC filing and the March 31, 2009, discharge. *See Myers v. Crestone Intern., LLC*, 121 F. App'x 25, 28 (5th Cir. Jan. 14, 2005) (unpublished opinion holding that three-month lapse, without more, did not create causal link). The uncontroverted evidence in this record shows that well before and throughout those three months, Buckmire's conduct was inappropriate and disruptive. He was counseled about his problem interacting with subordinates in his July 2006-June 2007 and July 2007-June 2008 performance evaluations. He was verbally counseled on several occasions, and was given a written warning in December 2008. Buckmire sent an inappropriate email to his supervisor on January 6, 2009, prior to filing the EEOC charge. After Buckmire told a fellow manager to "f*** off," sent more inappropriate emails to Young, and persisted in improper conduct toward Young and co-workers, Young issued a Final Written Warning to Buckmire on March 4, 2009, rather than terminate Buckmire's employment at that time. When, despite repeated verbal and

written warnings, Buckmire's behavior failed to improve, the decision was made to terminate his employment. Buckmire has failed to present any evidence that the decision was in retaliation for the January 2009 EEOC filing. Indeed, "Title VII's anti-retaliation provisions do not allow employees who are already on thin ice to insulate themselves against termination or discipline by preemptively making a discrimination complaint." *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1270 (11th Cir. 2010); *see also Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, 1051 (8th Cir. 2007) (noting that Title VII does not "insulate an employee from discipline for violating the employer's rules or disrupting the workplace" and that "complaining of discrimination in response to a charge of workplace misconduct is an abuse of the anti-retaliation remedy").

Buckmire has failed to present evidence that raises a genuine issue of material fact in support of a Title VII retaliation claim. As a result, Memorial Hermann is entitled to summary judgment on that claim.

## IV. CONCLUSION AND ORDER

Plaintiff has failed to present evidence in support of his race discrimination and retaliation claims. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 18] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this 18<u>th</u> day of **April, 2011**.

*[signature]*

Nancy F. Atlas
United States District Judge