# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NANTWI BUCKMIRE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2961 |
| | § | |
| MEMORIAL HERMANN | § | |
| HEALTHCARE SYSTEM, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant Memorial Hermann Healthcare System ("Memorial Hermann") filed its Motion for Summary Judgment [Doc. # 18] on March 16, 2011. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas and this Court's Procedures, any response to the Motion for Summary Judgment was due within twenty-one (21) days – April 6, 2011 in this case. *See* S.D. TEX. R. 7.3, 7.4; Court's Procedures 6(A)(4). Plaintiff Nantwi Buckmire neither filed a response in opposition to the Motion nor requested additional time to do so. As a result, the Court reviewed the merits of the Motion for Summary Judgment and determined that it should be granted.

The case is now before the Court on Plaintiff's Motion for Relief from Judgment or Order ("Motion") [Doc. # 21], to which Defendant filed a Response [Doc. # 23]. Plaintiff neither filed a reply nor requested additional time to file one.

Having reviewed the full record and applied governing legal authorities, the Court **denies** the Motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is set forth fully in the Court's Memorandum and Order [Doc. # 19] entered April 18, 2011. Briefly, Plaintiff is an African-American male who was hired by Memorial Hermann in 2006 as a Materials Management Team Leader. Throughout his employment, Buckmire was counseled and reprimanded regarding his interactions with subordinates. After discussions among Plaintiff's supervisor, the Human Resources Consultant, and the Chief Financial Officer regarding a series of problems involving Plaintiff, it was decided that Buckmire's employment should be terminated. The discharge was effective March 31, 2009.

Plaintiff filed this lawsuit alleging that he was discriminated against on the basis of his race and that he was retaliated against by Memorial Hermann. After an adequate time to complete discovery, Memorial Hermann moved for summary judgment.

The Court granted Defendant's motion by Memorandum and Order [Doc. # 19] and Final Judgment [Doc. # 20] entered April 18, 2011. With reference to the race discrimination claim, the Court noted that Plaintiff was not replaced by a person

outside his protected class, failed to identify a similarly-situated employee outside his protected class who was treated less favorably, and failed to present evidence that his race played any part in the decision to terminate his employment. With reference to the retaliation claim, the Court noted that Plaintiff failed to present evidence to raise a genuine issue of material fact in support of the "causal link" element of his *prima facie* case. More than three months passed between the EEOC filing and the termination of Plaintiff's employment, during which time Plaintiff's conduct was inappropriate and disruptive. Despite repeated verbal and written warnings, Plaintiff's behavior failed to improve and the decision was made to terminate his employment. Plaintiff failed to present evidence that the decision was in retaliation for the January 2009 EEOC filing.

The day after Final Judgment was entered, Plaintiff filed the current Motion seeking relief from the Court's ruling on Defendant's Motion for Summary Judgment. The Motion is ripe for decision.

## II.    ANALYSIS OF MOTION FOR RELIEF FROM JUDGMENT

Plaintiff seeks relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.[1]  Relief under Rule 60(b)(1) is available where the movant

---

[1]  Plaintiff specifically bases his Motion for Relief from Judgment on Rule 60(b)(1). Plaintiff's Motion, however, was filed the day after Final Judgment was entered. As
(continued...)

establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b)(1) relief is inappropriate when the proffered justification is the "inadvertent mistake" of counsel. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356-57 (5th Cir. 1993). "Gross carelessness, ignorance of the rules, or ignorance of the law" are also insufficient bases for Rule 60(b)(1) relief. *Id.* at 357. Indeed, granting relief on the sole basis of counsel's carelessness would be an abuse of discretion. *See id.*

In this case, Plaintiff's counsel, who admits being aware of the Motion for Summary Judgment and the deadline for filing a response, states that the deadline was not entered on her internal office calendar. Counsel states further that she was busy with other matters and failed to notice that the deadline was not calendared. Fundamentally, Plaintiff seeks Rule 60(b)(1) relief because his attorney forgot to file the response. As is noted above, counsel's carelessness is not a basis for Rule 60(b)(1) relief and granting relief on that basis would be an abuse of discretion.

---

[1] (...continued)
a result, the Motion could be considered under Rule 59(e). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Plaintiff has not identified a manifest error of law or fact in the Court's prior ruling, and does not identify any newly discovered evidence. As a result, Plaintiff has not established a basis for relief under Rule 59(e).

Plaintiff has submitted a proposed Response to Defendant's Motion for Summary Judgment [Doc. # 22]. The Court, in an abundance of caution and in the interest of justice, has reviewed the proposed Response. Plaintiff's proposed Response does not address his race discrimination claim. In response to the retaliation claim, Plaintiff argues that evidence of disagreements between Plaintiff and his supervisor that began in December 2008 is evidence of retaliation for an EEOC charge filed in January 2009. Evidence of conflicts that predated the protected activity is not evidence of retaliation. Even if the Court were to allow Plaintiff to file the proposed Response, the Court's ruling on Defendant's Motion for Summary Judgment would remain unchanged.

Plaintiff has failed to provide a legal basis for relief under Rule 60(b)(1). Additionally, Plaintiff's proposed Response fails to address the race discrimination claim at all and fails to present evidence to raise a genuine issue of material fact in support of Plaintiff's retaliation claim. Plaintiff's Motion for Relief from Judgment is, therefore, denied.

## III.  **CONCLUSION AND ORDER**

Plaintiff's counsel admits that she knew about Defendant's Motion for Summary Judgment and that April 6, 2011 was the deadline for Plaintiff's response. That Plaintiff's counsel forgot to file a response is not an adequate basis for the

Rule 60(b)(1) relief Plaintiff requests. Even were the Court to permit the late filing of the proposed Response, Plaintiff fails to present evidence that raises a genuine issue of material fact in support of his race discrimination and retaliation claims. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Relief from Judgment [Doc. # 21] is **DENIED**.

SIGNED at Houston, Texas this 11th day of **May, 2011**.

_____
Nancy F. Atlas
United States District Judge